IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PIERO BUGONI,

    Plaintiff,

v.

    Case No. 2:10-CV-1173
    JUDGE EDMUND A. SARGUS, JR.
    MAGISTRATE JUDGE NORAH M. KING

CHARLES (Last Name Unknown)
Owner of C & M Towing, Inc., et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Special Purpose Motion to Dismiss Complaint Under Rule 12(b) for Lack of Personal Jurisdiction, Subject Matter Jurisdiction, and Insufficient Service of Process (Doc. 8). For the reasons stated herein, Defendants' motion to dismiss is **DENIED**.

## I. Background

Plaintiff Piero Bugoni ("Bugoni") brings the instant action against Defendants Charles (last name unknown) ("Charles"), C&M Towing, Inc. ("C&M Towing"), and Doug Graff ("Graff") seeking redress for alleged violations of his constitutional rights[1] pursuant to 42 U.S.C. § 1983 and claims for civil RICO violations. Bugoni, who is proceeding without the assistance of counsel, makes the following allegations in the Complaint: Bugoni, a citizen of Florida,

---

[1] Plaintiff claims that Defendants have caused him to "lose both contract and regular employment" and have "interfered with Plaintiff's pursuit of Interstate Commerce and Opportunity thereof. . . . interfered with or deprived Plaintiff of the free enjoyment or exercise of his Rights to possess and use Property, his Rights to Travel, Due Process and to Engage in Commerce." (Compl. at 3.) Plaintiff also claims that his property was taken "with neither notice, nor opportunity to defend" and "without any lawful authority." (Compl. at 3.)

1

traveled to Columbus, Ohio for a short-term job on an individual contract basis. (Compl. at 3.) While performing that job, Bugoni's vehicle was stolen. (Compl. at 3.) The vehicle was eventually found by the police on or about December 3, 2010 and Bugoni went to retrieve it. (Compl. at 3.) However, with no key (as the vehicle was returned but not the key), Bugoni had to hire a locksmith. (Compl. at 3.) Because the locksmith was unable to make a new key that day, Bugoni left a note in the window of the vehicle, indicating that he would return the next morning to retrieve it. (Compl. at 3.)

When Bugoni returned the next morning with the locksmith, the vehicle was gone. (Compl. at 3.) The vehicle had been towed by C&M Towing. (Compl. at 4; Graff Aff. ¶ 7.) According to Defendant Graff (attorney for Charles and C&M Towing), Bugoni left his vehicle on private property without the permission of the property's owner, and at the owner's request and under the authority of Ohio Revised Code § 4513.60,[2] C&M Towing towed Bugoni's vehicle. (Graff Aff. ¶¶ 6–7.) Bugoni claims that upon contacting Charles (the owner of C&M Towing), he was told that he could not retrieve property from within his vehicle, nor would his vehicle be released, until he paid a towing fee of $135.00, plus a daily storage fee of $12.00 if the vehicle was not claimed. (Compl. at 4; Graff Aff. ¶ 8.) It is undisputed that Bugoni has yet to claim his vehicle or pay any towing or storage fees. (*See* Compl. at 2, 3; Graff Aff. ¶ 9.)[3]

Bugoni alleges that Charles's and C&M Towing's actions constitute robbery and extortion under Ohio Revised Code §§ 2911.02 and 2905.11, thereby comprising a pattern of racketeering activity proscribed by 18 U.S.C. § 1961 *et seq.* Bugoni further alleges that as Charles's and C&M Towing's attorney, Graff is an accomplice and "acting under the Color of

---

[2] Ohio Revised Code § 4513.60 regulates private property tow-away zones and the requirements of the signage posted in all private lots.
[3] According to the Complaint, Defendant Graff has indicated that he would agree to settle the matter without a storage charge as long as Plaintiff paid the towing fee of $135.00. (Compl. at 5.)

2

Official Right to aid and abet" Charles and C&M Towing. (Complt. at 6.) Bugoni also asserts that as an "Officer of The Court of The State of Ohio," Graff is a quasi-public official. (Complt. at 6.) Collectively, Bugoni claims that the Defendants, acting under the "color of State law" (i.e., Ohio Revised Code § 4513.60), have deprived him of his constitutional rights and privileges, for which he seeks relief under 42 U.S.C. § 1983. (Compl. at 5.)

Defendants have moved for dismissal based on lack of personal jurisdiction due to insufficient service of process and lack of subject matter jurisdiction. The Court must first address the question of subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

## II. Motion to Dismiss Under 12(b)(1) for Lack of Subject Matter Jurisdiction

In their motion to dismiss, Defendants assert that this Court lacks subject matter jurisdiction on three grounds. (Def.'s Mtn. to Dismiss 2.) First, Defendants contend that the amount in controversy requirement is not met. (Def.'s Mtn. to Dismiss 2.) Alternatively, Defendants assert that Plaintiff's claims raise no case or controversy. (Def.'s Mtn. to Dismiss 2.) Relatedly, Defendants contend that Plaintiff lacks standing to bring his claims because the Court cannot grant the requested relief. (Def.'s Mtn. to Dismiss 2.) The Court will consider each of the Defendants' arguments in turn, and concludes that subject matter jurisdiction exists in this case.

### A. Amount in Controversy

Defendants assert that "because the amount in controversy is One Hundred and Thirty-Five Dollars, plus a storage charge of $12.00 per day, which the Plaintiff has not paid," this Court lacks subject matter jurisdiction to hear Plaintiff's claims. (Def.'s Mtn. to Dismiss 2.) Defendants misconceive Plaintiff's lawsuit to be an action based on diversity jurisdiction. *See*

3

28 U.S.C. § 1332. If Plaintiff had brought this suit in federal court based on diversity jurisdiction, then the amount in controversy requirement would be relevant. Plaintiff, however, seeks redress for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and claims for federal civil RICO violations under 18 U.S.C. § 1961 *et seq.* (*See* Compl. at 5–6.) Under 28 U.S.C. § 1331, the district courts have subject matter jurisdiction of all civil actions arising under federal law. Plaintiff, therefore, brought this suit based on the federal question jurisdiction created by his claims arising under federal law. There is no amount in controversy requirement for federal question jurisdiction. *See* 28 U.S.C. § 1331. As Plaintiff's claims arise under federal law, this Court has subject matter jurisdiction and Defendants' motion to dismiss on this basis is denied.

## B. Case or Controversy and Standing

Defendants next assert that this Court lacks subject matter jurisdiction because Plaintiff's claims raise no case or controversy. (Def.'s Mtn. to Dismiss 2.) Defendants further contend that Plaintiff lacks standing to bring his claims because the Court cannot grant the requested relief.[4] (Def.'s Mtn. to Dismiss 2.) The Court disagrees.

Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to hear only "cases or controversies." U.S. CONST. art. III, § 2, cl. 1. This is a requirement that must be met "in order to file a claim in federal court and that must be met in order to keep it there. If events occur during the case . . . that make it 'impossible for the court to grant any effectual relief whatever to a prevailing party,'" the case must be dismissed. *Fialka-*

---

[4] In their motion to dismiss, Defendants simply assume that because "[n]one of [the facts regarding the towing incident] is in controversy," there is no case in controversy underlying Plaintiff's claims. (Def.'s Mtn. to Dismiss 2.) Similarly, Defendants merely state that "Plaintiff lacks standing to bring claims upon cited jurisdiction and the Court may not grant the requested relief." (Def.'s Mtn. to Dismiss 2.) Defendants offer nothing else in support of either contention; their motion is completely void of any legal authority.

4

*Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). However, the availability of a possible remedy that would provide "meaningful relief" to either party is sufficient to prevent a case from being moot. *Church of Scientology*, 506 U.S. at 12–13.

Standing to sue is an aspect of the case-or-controversy requirement. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To satisfy Article III's standing requirements, a plaintiff must show the following three elements: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed as a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Standing to bring suit must be determined at the time the complaint is filed. *Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 206 (6th Cir. 2011); *see also Allen v. Wright*, 468 U.S. 737, 752 (1984) ("[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.").

Here, Plaintiff clearly satisfies the constitutional requirements for standing. It is also apparent that Plaintiff's claims raise a case or controversy. Plaintiff is alleging violations of various constitutional rights stemming from the towing incident—among them being his right to possess and use property. (*See* Compl. at 3.) A person's interest in possessing and using his property is of sufficient importance to merit constitutional protection. *See* U.S. CONST. amend. XIV, § 1. Plaintiff has alleged a possessory interest in his vehicle. When Plaintiff's vehicle was towed, that alleged interest was arguably violated, causing him to suffer an injury. The alleged

5

injury is traceable to the Defendants, as Graff avers in his affidavit that C&M Towing towed Plaintiff's vehicle. (Graff Aff. ¶¶ 6–7.) Additionally, as alleged in the Complaint, Plaintiff suffers further injury from the Defendants' continued possession of his vehicle. (*See, e.g.*, Complt. at 3 "The actions of defendants have caused Plaintiff to lose both contract and regular employment.") The injury can be redressed by the Court by ordering the Defendants to return the vehicle.[5] Moreover, nothing has occurred during the case that would make it "impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology*, 506 U.S. at 12–13. Defendants do not claim that any subsequent occurrence has extinguished any live controversy between the parties. The Court can thereby effectuate "meaningful relief" to either party.

As Plaintiff has standing to bring his claims, the Court concludes that Plaintiff's claims do raise a case or controversy over which this Court has subject matter jurisdiction. Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### III. Motion to Dismiss Under 12(b)(2) for Lack of Personal Jurisdiction

Defendants also assert that this Court lacks personal jurisdiction over the Defendants due to insufficient service of process. As stated below, the Court finds that service was properly executed and holds that it possesses personal jurisdiction over the Defendants.

In their motion to dismiss, Defendants contend that the Court lacks personal jurisdiction over the Defendants "because none of the Defendants have been properly served with the Complaint."[6] (Def.'s Mtn. to Dismiss 2.) However, the record reflects that service was properly

---

[5] The Court recognizes that Plaintiff seeks several forms of relief in addition to an order by the Court that Defendants return his vehicle (*See* Complt. at 6–7.) However, because the availability of a possible remedy that would provide "meaningful relief" to either party is sufficient to prevent a case from being moot, the Court need not address all forms of relief sought by the Plaintiff at this time. *See Church of Scientology*, 506 U.S. at 12–13.
[6] Similar to the other assertions in their motion, Defendants offer nothing else in support of this argument, including an utter lack of legal precedent. Rather, Defendants merely refer to the affidavit of Defendant Graff in which he

6

executed. The case docket activity reveals that a service packet was sent to the U.S. Marshals office for service on the Defendants on January 24, 2011. The docket further reflects that all of the Defendants were served by certified mail on January 27, 2011 (Doc. 7). As Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (*see* Doc. 2), service of process by certified mail upon each Defendant by a United States marshal was appropriate. *See* FED. R. CIV. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal . . . the court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Accordingly, the Court concludes that service of process was sufficient and denies Defendants' motion to dismiss for lack of personal jurisdiction.

## IV. Conclusion

For the foregoing reasons, Defendants' Special Purpose Motion to Dismiss Complaint Under Rule 12(b) for Lack of Personal Jurisdiction, Subject Matter Jurisdiction, and Insufficient Service of Process (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

9-29-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

states, "*I was served with the Complaint in this action by certified mail.*" (Graff Aff. ¶ 3 (emphasis added).) Graff's statement in his affidavit thus completely contradicts the Defendants' assertion in their motion that "none of the Defendants have been properly served with the Complaint." (Def.'s Mtn. to Dismiss 2.)

7