UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PIERO BUGONI,

    Plaintiff,

v.

Case No. 2:10-CV-1173
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

CHARLES (Last Name Unknown)
Owner of C & M Towing, Inc., et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of several motions filed by Plaintiff Piero Bugoni, who is proceeding without the assistance of counsel: Motion to Dismiss Counterclaim (Doc. 21); Motion to Strike Answer to Complaint (Doc. 21); Motion for Default Judgment (Doc. 21); and Motion for Preliminary Injunction (Doc. 24). For the reasons that follow, the Plaintiffs' motions are **DENIED**.

## I. BACKGROUND

Plaintiff Piero Bugoni ("Bugoni") brings this action against Defendants Charles (last name unknown) ("Charles"), C&M Towing, Inc. ("C&M Towing"), and Doug Graff ("Graff") seeking redress for alleged violations of his constitutional rights[1] pursuant to 42 U.S.C. § 1983 and claims for civil RICO violations. Bugoni makes the following allegations in the Complaint: Bugoni, a citizen of Florida, traveled to Columbus, Ohio for a short-term job on an individual

---

[1] Plaintiff claims that Defendants have caused him to "lose both contract and regular employment" and have "interfered with Plaintiff's pursuit of Interstate Commerce and Opportunity thereof. . . . interfered with or deprived Plaintiff of the free enjoyment or exercise of his Rights to possess and use Property, his Rights to Travel, Due Process and to Engage in Commerce." (Compl. at 3.) Plaintiff also claims that his property was taken "with neither notice, nor opportunity to defend" and "without any lawful authority." (Compl. at 3.)

contract basis. (Compl. at 3.) While performing that job, Bugoni's vehicle was stolen. (Compl. at 3.) The vehicle was eventually found by the police on or about December 3, 2010 and Bugoni went to retrieve it. (Compl. at 3.) However, with no key (as the vehicle was returned but not the key), Bugoni had to hire a locksmith. (Compl. at 3.) Because the locksmith was unable to make a new key that day, Bugoni left a note in the window of the vehicle, indicating that he would return the next morning to retrieve it. (Compl. at 3.)

When Bugoni returned the next morning with the locksmith, the vehicle was gone. (Compl. at 3.) The vehicle had been towed by Defendant C&M Towing. (Compl. at 4; Graff Aff. ¶ 7.) According to Defendant Graff (attorney for Charles and C&M Towing), Bugoni left his vehicle on private property without the permission of the property's owner, and at the owner's request and under the authority of Ohio Revised Code § 4513.60,[2] C&M Towing towed Bugoni's vehicle. (Graff Aff. ¶¶ 6–7.) Bugoni claims that upon contacting Defendant Charles (the owner of C&M Towing), he was told that he could not retrieve property from within his vehicle, nor would his vehicle be released, until he paid a towing fee of $135.00, plus a daily storage fee of $12.00 if the vehicle was not claimed. (Compl. at 4; Graff Aff. ¶ 8.) It is undisputed that Bugoni has yet to claim his vehicle or pay any towing or storage fees. (*See* Compl. at 2, 3; Graff Aff. ¶ 9.)[3]

Bugoni alleges that Charles's and C&M Towing's actions constitute robbery and extortion under Ohio Revised Code §§ 2911.02 and 2905.11, thereby comprising a pattern of racketeering activity proscribed by 18 U.S.C. § 1961 *et seq.* Bugoni further alleges that as Charles's and C&M Towing's attorney, Graff is an accomplice and "acting under the Color of Official Right to aid and abet" Charles and C&M Towing. (Complt. at 6.) Bugoni also asserts

---

[2] Ohio Revised Code § 4513.60 regulates private property tow-away zones and the requirements of the signage posted in all private lots.
[3] According to the Complaint, Defendant Graff has indicated that he would agree to settle the matter without a storage charge as long as Plaintiff paid the towing fee of $135.00. (Compl. at 5.)

2

that as an "Officer of The Court of The State of Ohio," Graff is a quasi-public official. (Complt. at 6.) Collectively, Bugoni claims that the Defendants, acting under the "color of State law" (i.e., Ohio Revised Code § 4513.60), have deprived him of his constitutional rights and privileges, for which he seeks relief under 42 U.S.C. § 1983. (Compl. at 5.)

On October 19, 2011, Defendants filed an Answer and Counterclaim (Doc. 18) to Bugoni's Complaint, seeking a declaratory order on unclaimed property pursuant to Ohio Revised Code § 4513.60(E) and an award of statutory and actual damages under Ohio Revised Code § 4513.60(B)(1)(a)(iii). (Doc. 18 at 4–5.) Bugoni then filed the motions at issue.

## II. DISCUSSION

Bugoni is proceeding pro se, and accordingly, this Court must construe Bugoni's allegations liberally and apply a less stringent standard to those pleadings than to those drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 746 (S.D. Ohio 1998). This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial. *Id.*; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Indeed, courts should not assume the role of advocate for the pro se litigant. *See Hall*, 935 F.2d at 1110.

Bugoni has filed several motions: Motion to Dismiss Counterclaim (Doc. 21); Motion to Strike Answer to Complaint (Doc. 21); Motion for Default Judgment (Doc. 21); and Motion for Preliminary Injunction (Doc. 24). The Court will address each of these in turn.

3

## A. Motion to Dismiss Counterclaim

Bugoni first moves to dismiss the Defendants' counterclaim. In their counterclaim, Defendants seek a declaratory order on Bugoni's vehicle as unclaimed property pursuant to Ohio Revised Code § 4513.60(E) and an award of statutory and actual damages under Ohio Revised Code § 4513.60(B)(1)(a)(iii).

At the outset, the Court notes that Bugoni's motion for dismissal of the Defendants' counterclaim is completely void of any legal authority, including the basis for which he seeks dismissal. The entirety of Bugoni's motion to dismiss comprises of the following:

> The statements in [Bugoni's Answer to the Counterclaim] supra are incorporated herein, and Plaintiff moves for the dismissal of [D]efendants['] counterclaim additionally on the following grounds:
> i) Defendants chose to take Plaintiff's property. Plaintiff did nothing to cause it.
> ii) Defendants has had every opportunity to correct their conduct.
> iii) No person is required as a matter of law to take any action to compensate for the theft nor extortion committed by others.
> iv) Defendants have no claim whatsoever to the property in question.

(Doc. 21 at 3.) Defendants have interpreted Bugoni's motion as one to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). To properly state a claim upon which relief may be granted, a pleader must satisfy the basic federal pleading requirements set forth in Rule 8(a). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient

4

factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the [pleading party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.*

In their Answer and counterclaim, Defendants allege that they "lawfully towed Plaintiff's illegally parked vehicle." (Doc. 18, ¶ 5.) Defendants further allege that since the date of the towing, Bugoni has had "actual notice of the location of his vehicle, and the proper method of reclaiming his vehicle," that more than thirty days have passed since the Defendants towed Bugoni's vehicle, and that to date, Bugoni has not attempted to properly reclaim his vehicle by paying the towing charges and storage fees. (*Id.* ¶¶ 6–8.) Defendants seek a declaratory order on Bugoni's vehicle as unclaimed property pursuant to Ohio Revised Code § 4513.60(E) and an award of statutory and actual damages under Ohio Revised Code § 4513.60(B)(1)(a)(iii) for towing and storage expenses. The Court finds that the Defendants' counterclaim contains sufficient facts that would "allow[ ] the [C]ourt to draw the reasonable inference that [Bugoni] is liable for the misconduct [i.e., towing and storage expenses] alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, Bugoni's Motion to Dismiss the Counterclaim (Doc. 21) is **DENIED**.

### B. Motion to Strike Answer to Complaint

Bugoni next moves to strike the Defendants' Answer to his Complaint, contending that the Answer was untimely filed and is moot because Defendants filed a motion to dismiss under Rule 12(b) for lack of personal jurisdiction, subject matter jurisdiction, and insufficient service of process. (*See* Doc. 8.)

Similar to his other pleadings, Bugoni's motion to strike is entirely void of any legal authority. Regardless of that fact, however, the Defendants' Answer was untimely filed.

5

Defendants were served with Bugoni's Complaint by certified mail on January 27, 2011. (*See* Doc. 7.) Defendants responded with a motion to dismiss on February 15, 2011, which was subsequently denied by this Court on September 29, 2011. (Docs. 8, 16.) Defendants then filed their Answer on October 19, 2011. (Doc. 18.) Under Rule 12(a)(4), the effect of a motion alters the typical twenty-one day period for responsive pleadings. If the court denies the motion—which, in this case, the Court did—a responsive pleading must be served within fourteen days after notice of the court's action. Defendants filed their Answer twenty-one days after the Court denied their motion to dismiss. Thus, it was untimely filed.

However, Rule 12(f) states that "a court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). "It is well established that the action of striking a pleading should be sparingly used by the courts." *Parlak v. U.S. Immigration and Customs Enforcement*, No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006). Thus, a "motion to strike should be granted only when the pleading to be stricken [sic] has no possible relation to the controversy." *Id.* Bugoni has not demonstrated a need to strike the Defendants' Answer in this case, other than his argument that it was untimely filed. The Court cannot say that the Defendants' Answer to Bugoni's Complaint "has no possible relation to the controversy." Rather, it has every possible relation to the controversy. Thus, Bugoni's Motion to Strike (Doc. 21) is **DENIED**.

### C. Motion for Default Judgment

Bugoni also moves for default judgment. Pursuant to Federal Rule of Civil Procedure 55, a default judgment must be entered if a party has "failed to plead or otherwise defend" a case and that failure is shown by "affidavit or otherwise." In the case at bar, Defendants were served by certified mail on January 27, 2011 and responded with a motion to dismiss on February 15, 2011. (*See* Docs. 7, 8.) The Defendants' motion to dismiss was a sufficient act showing an intent to

6

defend the case, and therefore the requirements of Rule 55(a) are not met. Bugoni's Motion for Default Judgment (Doc. 21) is **DENIED**.

### D. Motion for Preliminary Injunction

Bugoni also seeks preliminary injunctive relief "ordering [the Defendants] to release Plaintiff's vehicle immediately, and deliver it to him without delay, at his location, wherever he may be in America." (Doc. 24 at 1.)

Interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). When considering these factors, a district court should balance each factor against the others to arrive at its ultimate determination. *Id.* These factors are not prerequisites to injunctive relief; rather, they are factors that a court must balance. *In re Delorean Motor Co.*, 755 F.3d 1223, 1229 (6th Cir. 1985); *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative); *Monongahela Power Co. v. Schriber*, 322 F. Supp. 2d 902, 918 (S.D. Ohio 2004) (same). However, a preliminary injunction should not be issued where there is simply no likelihood of success on the merits. *Mich. State AFI-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

After consideration of the four factors, the Court concludes that preliminary injunctive relief is not warranted in this case. Similar to his other motions, Bugoni offers nothing else—other than re-incorporating his complaint and pleadings—in support of his motion for a preliminary injunction, including an utter lack of legal precedent. The record fails to establish a likelihood of success on the merits. Additionally, Bugoni has failed to demonstrate that he

7

would suffer irreparable harm if the injunction is not issued. Further, the record contains no evidence suggesting that the issuance of a preliminary injunction would, or would not, cause substantial harm to others. Clearly, however, issuance of the injunction would require the Defendants to take affirmative action that would necessarily increase costs. The final factor also weighs against issuing the requested injunctive relief, given that Bugoni has failed to demonstrate that the public interest would be served by returning his vehicle at this time. Therefore, Bugoni's Motion for Preliminary Injunction (Doc. 24) is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Dismiss Counterclaim, Motion to Strike Answer to Complaint, Motion for Default Judgment (Doc. 21) and Motion for Preliminary Injunction (Doc. 24) are **DENIED**.

**IT IS SO ORDERED.**

6-4-2012
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

8