UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PIERO BUGONI,

    Plaintiff,

v.

CHARLES (Last Name Unknown),
Owner of C&M Towing Inc., *et al.*,

    Defendants.

CASE NO. 2:10-CV-01173
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK ABEL

## OPINION AND ORDER

Plaintiff, Piero Bugoni, who is proceeding *pro se* and *in forma pauperis*, brings the instant action against Defendants Charles Mecum ("Mecum"),[1] C&M Towing, and Doug Graff ("Graff"). Plaintiff brings claims for constitutional violations pursuant to 42 U.S.C. § 1983 and violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961 *et seq.*

This matter is before the Court for consideration of Defendants' Motion for Summary Judgment. (ECF No. 43.) Defendants seek summary judgment on Plaintiff's 42 U.S.C. § 1983 and civil racketeering claims. Additionally, Defendant C&M Towing, Inc. ("C&M Towing") seeks summary judgment on its state-law Counterclaim. For the reasons that follow, Defendants Motion is **GRANTED** with respect to Plaintiff's federal claims. The Court **DECLINES** to exercise supplemental jurisdiction over Defendant remaining state law counterclaim.

---

[1] Plaintiff identified Defendant Mecum as Charles (Last Name Unknown) within his Complaint.

## I. BACKGROUND

In late 2010, Plaintiff, a Florida resident, traveled to Columbus, Ohio to perform a short-term work assignment.[2] (Compl. 3, ECF No. 4.) Plaintiff maintains that, on or around December 2, 2010, his vehicle was stolen and he filed a police report. (*Id.*) The police found Plaintiff's vehicle, without the key, on December 3, 2010. (*Id.*) Consequently, Plaintiff hired a locksmith. (*Id.*) Because the locksmith was unable to make a new key that day, Plaintiff decided to leave his vehicle at the scene of the recovery. (*Id.*) Plaintiff left a note in the window of the vehicle, indicating that he would return in the morning to retrieve it. (*Id.*)

On December 4, 2010, C&M Towing towed Plaintiff's vehicle. (Compl. 4, ECF No. 4; Mecum Aff. ¶ 15, ECF No. 43-1.) Defendants submit, through the Affidavit of Defendant Mecum, that the parking lot in which Plaintiff left his vehicle was a private tow-away zone as defined within Ohio Revised Code § 4513.60(B). (*Id.* at ¶¶ 6–9.) According to Defendant Mecum, the only vehicles the owner authorized to park in the parking lot were vehicles with approved parking passes. (*Id.* at ¶ 13.) Because Plaintiff's vehicle did not have a parking pass and was unattended, C&M Towing towed the vehicle. (*Id.* at ¶¶ 14–15.)

According to Plaintiff, when he contacted Defendant C&M Towing, an employee informed him that there was a towing fee of $135.00 and an additional cost of $12.00 per day for storage. (Compl. 4, ECF No. 4.) On December 23, 2010, Plaintiff had a conversation with Defendant Graff, C&M Towing's attorney. (*Id.* at 4.) During this conversation, Defendant Graff stated that he would waive the storage charge if Plaintiff would pay the towing fee of $135.00.

---

[2] Defendant does not dispute the majority of facts that Plaintiff alleges within the Complaint.

2

(*Id.* at 5.) To date, Plaintiff refuses to pay any portion of the towing fee or storage costs. (*See* Mecum Aff. ¶ 16, ECF No. 43-1.) Moreover, the briefing reflects that Defendant C&M Towing continues to retain possession of Plaintiff's vehicle.

As detailed above, Plaintiff brings claims against Defendants pursuant to 42 U.S.C. § 1983 and RICO. Defendant C&M Towing, in turn, filed a counterclaim seeking relief pursuant to Ohio Revised Code § 4513.60. Within their instant Motion, Defendants maintain that they are entitled to summary judgment because the evidence demonstrates that they lawfully towed Plaintiff's vehicle. Defendants also maintain that the Court should dismiss this action pursuant to 28 U.S.C. § 1915(e).[3] Finally, Defendant C&M Towing moves for summary judgment on its Counterclaim.

## II. STANDARDS

### A. 28 U.S.C. § 1915

The federal *in forma pauperis* statute, permits indigent litigants to file actions without the prepayment of fees. Nevertheless, the statute provides:

> [T]he court shall dismiss the case *at any time* if the court determines that
>
> \* \* \*
>
> (B) the action or appeal
>     (i) is frivilous or malicious; [or]
>     (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2) (emphasis added). In assessing whether an action fails to state a claim,

---

[3] Defendants further assert that the Court should dismiss this action as a sanction for Plaintiff's misconduct during this case. The Court has already addressed the bulk of Plaintiff's misconduct in this action. (*See, e.g.*, Order, ECF No. 44.) Moreover, for the reasons described below, the Court ultimately grants Defendants' Motion, as it applies to Plaintiff's claims, on other grounds. In light of these circumstances, the Court finds any sanction unnecessary.

3

the Court applies the same pleading standards applicable to a motion under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying a facial plausibility pleading standard for the purposes of 28 U.S.C. § 1915(e)(2)(B)(ii)). Accordingly, the plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby, Inc.*, 477 U.S. at 248; *see also*

4

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

### III. ANALYSIS

#### A. Plaintiff's Section 1983 Claims

As detailed above, Plaintiff maintains, pursuant to 42 U.S.C. § 1983, that Defendants' conduct violates his constitutional rights. To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish "two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

The United States Court of Appeals for the Sixth Circuit has established the following framework for determining whether private individuals act under the color of state law:

> To hold a private party liable under § 1983, a plaintiff must prove that the actor "deprived him of a guaranteed right under color of [state law], and . . . that [his] actions were properly attributable to the state, i.e. that [he] qualified as a state actor." *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir.1995) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)). The Sixth Circuit uses three tests to determine whether a private party's actions are "fairly attributable" to the state: the public-function test, the state-compulsion test, and the symbiotic-relationship or nexus test. *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) (citing *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)). The public-function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The state-compulsion test requires "proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly to take a particular action so that the choice is really that of the state." *Amer. Postal Workers Union, Local 96 v. City of Memphis*, 361 F.3d 898, 905 (6th

5

Cir.2004). The nexus test "requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state." *Ibid.*

*Dubuc v. Green Oak Tp.*, Nos. 10–2130, 10–2443, 2012 WL 1994709, at *4 (6th Cir. June 4, 2012).

A number of federal courts have held that towing companies and employees, when acting independent from the police or other state officials, are not state actors for the purposes of 42 U.S.C. § 1983.[4] *See, e.g., Beyer v. Vill. of Ashwaubenon*, 444 F. App'x 99, 101 (7th Cir. 2011) (holding that towing company owner did not act under the color of law when towing a car at a private owner's request); *Knight v. Sanders*, 988 F.2d 120, 1993 WL 47239, at *3 (9th Cir. Feb. 24, 1993) (holding that because police were responsible for the decision to tow the plaintiff's vehicle, the towing company was not acting under the color of law) (table decision); *cf. also Murphy v. Koster*, No. 5:10 CV 2095, 2010 WL 5147215, at *3 (N.D. Ohio Dec. 13, 2010) (holding that employee of a towing company was not a state actor for purposes of 42 U.S.C. § 1983). Likewise, "[i]t is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005).

In this case, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 against

---

[4] The Court recognizes that at least some federal courts have held that towing companies are state actors when providing services for police or other government officials. *See, e.g., Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (holding that a private towing company "was a state actor when it initially towed and stored the vehicle at the behest of the sheriff's office as part of an official criminal investigation"); *Klobnock v. City of Los Angeles*, No. CV 10–2627, 2011 WL 4103631, at *2 (C.D. Cal Aug. 29, 2011) ("Towing companies are deemed to be state actors under § 1983 when they tow vehicles for police . . . .").

6

any of the named Defendants.[5] Specifically, even construing the Complaint's allegations in the light most favorable to Plaintiff, the Court cannot reasonable infer that Defendants acted under the color of state law. The factual allegations indicate that Defendant C&M Towing is a private towing company, Defendant Mecum is its owner, and Defendant Graff is its lawyer. Within his Complaint, Plaintiff does not in anyway suggest that Defendants were acting pursuant to the instructions of the police or any other government official in towing his vehicle. Plaintiff maintains that Defendants were acting under the color of state law because they claimed to be operating under Ohio Revised Code § 4513.60, governing the towing of vehicles from private property. Nevertheless, "'private misuse of a state statute does not describe conduct that can be attributed to the State.'"[6] *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 343 (6th Cir. 2006) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)); *cf. also Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 6 (1st Cir. 2005) ("[A] private party is not transformed into a state actor merely because the private party acted pursuant to a state statute."). Because Plaintiff fails to plead facially plausible 42 U.S.C. § 1983 claims, dismissal pursuant to 28 U.S.C. § 1915(e) is appropriate.

---

[5] Within their Motion for Summary Judgment, Defendants fail to maintain that they are not state actors or otherwise specifically address Plaintiff's 42 U.S.C. § 1983 claims. Nevertheless, as detailed above, 28 U.S.C. § 1915(e)(2) requires the Court to dismiss an *in forma pauperis* Complaint if at any time it determines that the Complaint fails to state a claim. Moreover, 28 U.S.C. § 1915(e) requires *sua sponte* dismissal if the Court determines that the action fails to state a claim. *Stehrenberger v. JPMorgan Chase Bank, N.A.*, No. 2:12–cv–874, 2012 WL 5389682, at *3 (S.D. Ohio Nov. 2, 2012). Nevertheless, because 28 U.S.C. § 1915(e) imposes a facial plausibility pleading standard, in assessing Plaintiff's 42 U.S.C. § 1983 claims, the Court has confined itself to matters within the pleadings.

[6] Within briefing Plaintiff also appears to challenge the constitutionality of Ohio Revised Code § 4513.60. Nevertheless, Plaintiff does not develop this line of argument and the Court finds no grounds for concluding that the statute is unconstitutional.

7

## B. RICO Claims

As detailed above, Plaintiff also brings civil RICO claims. Plaintiff specifically maintains that through robbery, pursuant to Ohio Revised Code 2911.02, and extortion, pursuant to Ohio Revised Code 2905.11, Defendants have engaged in a pattern of racketeering activity.

The Sixth Circuit has held that a civil RICO claim requires a plaintiff to establish four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (internal quotations omitted). Moreover, a plaintiff "must establish that defendants engaged in a 'pattern of racketeering activity' consisting of at least two predicate acts of racketeering activity occurring within a ten-year period." *Melton v. Blankenship*, No. 08-5346, 2009 WL 87472, at *2 (6th Cir. Jan 13, 2009) (internal quotations permitted). RICO defines racketeering activity, in relevant part, as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . , which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1).

Defendants maintain that Plaintiff cannot establish his RICO claims because their actions were lawful. In particular, Defendants contend that C&M Towing was entitled to tow Plaintiff's vehicle pursuant to Ohio Revised Code § 4513.60. This statute provides, in pertinent part:

> If a vehicle is parked on private property that is established as a private tow-away zone in accordance with division (B)(1) of this section, without the consent of the owner of the property or in violation of any posted parking condition or regulation, the owner or the owner's agent may remove, or cause the removal of, the vehicle, the owner and the operator of the vehicle shall be deemed to have consented to the removal and storage of the vehicle and to the payment of the towing and storage charges specified in division (B)(1)(a)(iii) of this section, and the owner, subject to

8

> division (C) of this section, may recover a vehicle that has been so removed only in accordance with division (E) of this section.

Ohio Rev. Code § 4513.60(B)(2). Towing a vehicle from a private tow-away zone in a manner that does not conform with the requirements of division (B)(2) is a minor misdemeanor. Ohio Rev. Code § 4513.60(G).

Based on the evidence, the Court finds that Defendants are entitled to summary judgment on Plaintiff's RICO claims. Specifically, in light of the parties' evidentiary submissions, a reasonable jury could not conclude that Defendants engaged in a pattern of racketeering activity. Rather, the evidence reflects that Plaintiff left his vehicle in a private tow-away zone without the permission of the parking lot owner.[7] Accordingly, Defendant C&M Towing towed Plaintiff's car. Even assuming that Defendants failed to meet the technical requirements of Ohio Rev. Code § 4513.60(B)(2), such conduct would constitute a minor misdemeanor pursuant to Ohio Rev. Code § 4513.60(G), which is clearly insufficient to constitute racketeering activity within the meaning of RICO. *Cf.* Ohio R. Crim P. 4.1(B) (providing that the maximum penalty for a minor misdemeanor is a fine of one hundred and fifty dollars). Moreover, under the circumstances, a reasonable factfinder could not conclude that Defendants actions rise to the level of robbery and extortion under Ohio law.

## C. Defendant C&M Towing's Counterclaim

In addition to seeking judgment as to Plaintiff's claims, Defendant C&M Towing also

---

[7] Plaintiff maintains that Defendants' fail to demonstrate that he lacked permission to park in the relevant parking lot. The Court disagrees. Defendants submitted evidence that Plaintiff's vehicle did not have a parking pass, as the parking lot owner required to demonstrate authorization. (*See* Mecum Aff. ¶¶ 13–15, ECF No. 43-1.) In response to this evidence, Plaintiff has failed to provide any evidence that he had obtained permission to use the parking lot.

9

seeks summary judgment as to its Counterclaim. Although the parties are diverse, it is clear from the pleadings that the Counterclaim does not satisfy the amount in controversy for diversity jurisdiction.[8] 28 U.S.C. § 1332(a)(1) (providing the Court with jurisdiction over disputes between diverse citizens "where the matter in controversy exceeds the sum or value of $75,000"). Accordingly, before considering the merits of the Counterclaim, the Court must first decide whether to exercise supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1367, the Court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (internal quotations omitted). Moreover, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* at 952 (internal quotations omitted).

Here, it is appropriate to decline exercise of supplement jurisdiction. Defendant C&M Towing may pursue its claim under Ohio Revised Code § 4513.60 in state court. The Court

---

[8] Defendant C&M Towing's request for damages is well below the jurisdictional threshold. Although Defendant C&M Towing also requests attorneys' fees, it fails to provide any authority, in its Counterclaim or Motion for Summary Judgment, entitling it to such relief. *See Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009) ("[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction."). Regardless, given the circumstances in this case, the Court concludes that even considering reasonable attorneys' fees the amount in controversy would not exceed $75,000.

10

notes that Plaintiff has brought an action for conversion, involving the same basic facts, which is pending in the Franklin County Court of Common Pleas and still appears to be in its early stages. *See Bugoni v. C & M Towing*, No. 12AP–62, 2012 WL 4503044, at *2 (Ohio Ct. App. Sept. 28, 2012) (reversing the lower courts dismissal for failure to state a claim and remanding for further proceedings). Accordingly, considering the relevant factors, the Court declines to exercise supplemental jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. (ECF No. 43.) Plaintiff's claims are **DISMISSED** with prejudice. The Court **DECLINES** to exercise supplemental jurisdiction and **DISMISSES** Defendant C&M Towing's Counterclaim without prejudice. The Clerk is **DIRECTED** to remove this action from the Court's pending case list.

**IT IS SO ORDERED.**

12-13-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

11